UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:06-cv-47\1:04-cr-25 |
| | ) | *Edgar* |
| ANGELA KILGORE | ) | |

## **MEMORANDUM**

Angela Kilgore ("Kilgore"), has filed a motion and an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Court File Nos. 1 & 3-2). Kilgore claims counsel failed to argue for a downward departure on the grounds that she suffers from post traumatic stress disorder and from an adjustment disorder with depression. In addition, Kilgore contends counsel was ineffective for failing to pursue a downward departure based on her extraordinary family circumstances.

Having reviewed the materials thus submitted, together with the complete record of the underlying criminal case, the Court finds they conclusively show defendant is not entitled to relief on the claims asserted. Accordingly, the Court will decide this matter without an evidentiary hearing, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993); Rule 8(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, and will **DENY** Kilgore's § 2255 motion and amended motion for the reasons stated herein (Court File No. 1 & 3-2).

**I.    NONDISPOSITIVE MOTIONS**

Kilgore's motion to amend her § 2255 motion, which was filed before the government was served will be **GRANTED** (Court File No. 3). Kilgore's unopposed motion to admit exhibits will

1

be **GRANTED** (Court File No. 13) and her motion requesting disposition will be **DENIED as MOOT** (Court File No. 14).

**II.     28 U.S.C. § 2255 - STANDARD OF REVIEW**

A federal prisoner may file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence upon the ground that the sentence was imposed in violation of the United States Constitution. To obtain relief under § 2255, the movant bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir.2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999). "To prevail under 28 U.S.C. § 2255, a defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir.1994) (internal quotation omitted).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).  To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted)  (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion).  If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978).  To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete

miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir.2001).

In general, sentencing challenges must be made on direct appeal or they are normally deemed waived. *Id*. Sentencing challenges cannot be made for the first time in a post conviction § 2255 motion unless the movant can demonstrate good cause for failing to raise the claim on direct appeal and actual prejudice if his claims are deemed precluded, or demonstrate he is actually innocent. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

### III. BACKGROUND

#### A. Procedural Background

Kilgore pleaded guilty on November 22, 2004, without the benefit of a plea agreement, to Count One of a three-count indictment for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Crim. Court File No. 7). On November 22, 2004, at the conclusion of a one-day jury trial, Kilgore was convicted on Count Two of attempted bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and on Count Three for using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).

Kilgore's sentencing guidelines offense level was determined to be 27; her criminal history

category was II; and her guideline range was calculated as 78-97 months imprisonment. On February 28, 2005, this Court sentenced Kilgore to a total term of 138 months imprisonment. The sentence consists of 78 month concurrent terms on each of Counts One and Two and a consecutive 60 month term of imprisonment on Count Three, five years supervised release, and a $300.00 special assessment.

Kilgore did not pursue an appeal; thus her judgment was considered final on March 24, 2005. Kilgore timely filed the instant § 2255 motion on February 13, 2006.

**B.     Factual Background**

The underlying facts of this case are summarized in the offense conduct section of the Presentence Investigation Report ("PSR") as follows:

> 7.     On January 20, 2004, Angela Kilgore entered the Citizens Tri-County Bank in Dunlap, Tennessee. The bank is an FDIC insured institution. Ms. Kilgore approached the vice president of the bank and demanded $500,000.00 in cash stating that "this is the way it is going to be." Ms. Kilgore patted a bulge in her waistband and then produced a briefcase.
>
> 8.     The vice president of the bank told Ms. Kilgore that the bank did not have that much money. The victim then asked Kilgore if she would take a check for $475,000 and $25,000 in cash. She accepted the deal. The victim then told Kilgore that in order to get the check, she would have to fill out a loan application then the computer would generate a check for her. Kilgore told the victim "Don't do anything crazy. You see those girls out there (pointing to the tellers)? I'll kill five people." Kilgore also told the victim "his family was in danger and that people were waiting outside for her." Kilgore stated that she did not mind dying and that her daughter would be taken care of.
>
> 9.     While Ms. Kilgore was filling out the application, the Dunlap Police were notified and responded to the scene. There was no physical harm during the attempted bank robbery. In 1990, Ms. Kilgore sustained a felony conviction for Aggravated Robbery in the Marion County Criminal Court, Jasper, Tennessee.

4

(PSR pp. 3-4).

**IV.     ANALYSIS**

Kilgore contends she is entitled to a reduction in sentence based on her diminished capacity at the time she committed the crime and due to her extraordinary family circumstances. Related to these two claims, Kilgore contends her trial counsel was ineffective for failing to raise these issues at sentencing. Therefore, the Court will address the claims as claims of ineffective assistance of counsel. The Court will summarize the applicable law for analyzing an ineffective assistance of counsel claim before addressing each alleged instance of ineffective assistance of counsel.

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established the criteria for determining whether a Sixth Amendment claim of ineffective assistance of counsel is meritorious. The *Strickland* test requires that a defendant demonstrate two essential elements: (1) counsel's performance was deficient, *i.e.*, counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment, and (2) counsel's deficient performance prejudiced the defense, *i.e.*, deprived the defendant of a fair trial rendering the outcome of the trial unreliable. *Id*. at 687-88.

There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance and that conduct cannot be viewed in hindsight, but must be evaluated for reasonableness within the context of the circumstances at the time of the alleged errors. *Strickland*, 466 U.S. at 689-90. A defendant's challenge to such decisions must overcome a presumption that
the challenged actions might be considered sound trial strategy. *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).

"[R]eviewing court[s] must remember that 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998), quoting *Strickland v. Washington*, 466 U.S. at 690. "An error of counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Id.* at 691.

A.      **Downward Departure Based on Diminished Capacity**

Kilgore contends that she suffers from diminished capacity due to post-traumatic stress disorder, depression, and anxiety related to a 2002 attempted robbery in which she was the victim, receiving a gunshot wound to her hand, and as the result of a relative's sexual abuse of her between the ages of ten and thirteen. Kilgore argues that, under *United States v. Booker*, 543 U.S. 220, 244 (2005),[1] this Court could have considered diminished capacity as a mitigating factor and imposed a lesser sentence.

This issue was raised and considered during her sentencing hearing under the *Booker* standard and a downward departure for diminished capacity was rejected by the Court because she had a previous conviction for aggravated robbery and a reduced sentence would not protect the public (Crim. No. 1:04-cr-25, Court File No. 49, pp. 3-10). Therefore Kilgore cannot relitigate this issue absent exceptional circumstances or an intervening change in the law. *See Wright v. United*

---

[1] In *Booker* the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." In addition, the Federal Sentencing Act making the guidelines mandatory was severed so that the guidelines are no longer mandatory but rather, must be consulted and taken into account when a federal district court is imposing a criminal sentence.

6

*States,* 182 F.3d 458, 467 (6th Cir. 1999) (holding that, where petitioner litigated drug type before the district court and on direct appeal, he could not use his § 2255 petition to relitigate that issue). Kilgore has not alleged any exceptional factual circumstances or legal principles that alter the prior resolution of this claim. As explained below, the Court's consideration and resolution of this claim during sentencing was correct.

Defense counsel filed a motion for downward departure on the basis that Kilgore suffered from post traumatic stress disorder and an adjustment disorder with depression as a result of being victimized on May 10, 2002, when she was robbed and shot in the hand. In addition, the PSR included information about Kilgore's mental and emotional health, including the allegation that a relative "forcibly attempted to have sexual intercourse with her when she was 13 years old." (PSR. pp. 8-9).[2] Counsel presented the issue during Kilgore's sentencing hearing. Although the Court denied the motion for a downward departure, these facts were before the Court and considered by the Court before it sentenced Kilgore to the lowest possible sentence in her guideline range. As explained below, Kilgore did not meet the necessary criteria to warrant a downward departure on the basis of significantly reduced mental capacity.

A court may depart from the sentencing guideline range if the defendant committed the charged offense "while suffering from a significantly reduced mental capacity." United States Sentencing Guidelines ("U.S.S.G.") § 5K2.13 (2004). However, the guidelines prohibit a departure if certain conditions exist. Three of the four conditions that prevent a court from departing downward on the basis of significantly reduced mental capacity are applicable to Kilgore. A

---

[2] Although Kilgore has submitted an affidavit under seal detailing the sexual abuse incidents more explicitly, that information does not warrant a §5K2.13 downward departure.

downward departure is not permitted for significantly reduced mental capacity: "(1) if the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; or (4) the defendant has been convicted of an offense under Chapter 71, 109A, 110, or 117 of Title 18 United States Code. " U.S.S.G. § 5K2.13 (2003). The first three conditions apply to Kilgore.

Kilgore admitted she abused non-prescribed Xanax and Oxycontin from 2002 through her arrest for the instant offense (PSR, p. 9, ¶ 54). Kilgore's instant offense included a threat to kill five bank employees and harm the banker's family while she was in possession of a firearm (PSR, p. 3-4, ¶ 8). In addition, Kilgore was previously convicted of aggravated robbery. Therefore, since this was her second robbery, the Court concluded, after considering all information before it, which included her mental health and family situation, to protect the public, her sentence should be at the low end of her guidelines and a departure was not warranted (Crim. Case No. 1:04-cr-25, Court File No. 49, Sentencing Transcript "ST", pp. 3-10).

Even assuming these three conditions did not exist in Kilgore's case, she has not demonstrated she suffered from a significantly reduced mental capacity that impaired her ability to exercise the power of reason when committing these crimes. *United States v. Cockett,* 330 F.3d 706, 713 (6th Cir. 2003). "Significantly reduced mental capacity" means the defendant has a "significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful." U.S.S.G. § 5K2.13 n. 1. The burden is on the defendant to show that she suffered from

such a reduced mental capacity and that the condition impaired her ability to exercise the power of reason when committing these crimes. *Id*. Even assuming, without deciding, that Kilgore has made such a demonstration, the fact that the offenses involved a weapon and a serious threat of violence precludes such a departure under § 5K2.13 which prohibits a downward departure if "the offense involved actual violence or a serious threat of violence[.]"

In summary, counsel filed a motion requesting a downward departure on the basis of diminished capacity, the Court fully considered the issue of Kilgore's mental state at the time of the offense, but the Court declined to depart on that basis because three of the four conditions which prohibit a court from departing downward are present in Kilgore's case. Consequently, since Kilgore failed to demonstrate a departure on the basis of diminished capacity was warranted, she necessarily failed to show any deficiency or resulting prejudice as a result of counsel's performance. Accordingly, this claim provides no basis for relief under 28 U.S.C. § 2255.

### B.     Extraordinary Family Circumstances

Kilgore contends that her extraordinary family circumstances warrant a sentence reduction which her trial counsel failed to pursue. Specifically, Kilgore contends her attorney rendered ineffective assistance because he failed to request a downward departure in her sentence under U.S.S.G. § 5H1.6 based on family circumstances.

Kilgore claims her daughter was "approximately 4 years of age at the time of sentencing" (Court File No. 3-2, P. 25). The PSR reflects that her child was 7 years of age on January 20, 2005, the date the report was disclosed; the child's father was deceased; and the child was residing with Kilgore's mother (PSR, p. 8, ¶ 44). In addition, the PSR reflects that Kilgore's mother had diabetes for several years and had been diagnosed with crippling arthritis.

9

Kilgore asserts, that since her incarceration, her father is now deceased; her step-father is terminally ill; and her sixty-three-year-old mother, who is raising Kilgore's child, has debilitating health problems which prevents her from working more than two days a week or driving at night.

The Court was well aware of Kilgore's family circumstances at the time of sentencing as that information was included in the PSR. The sentencing guidelines specifically provide that family ties and responsibilities are not ordinarily relevant in determining whether a departure is warranted. U.S.S.G. § 5H1.6. At the time Kilgore was sentenced, *United States v. Booker*, 543 U.S. 220 (2005) had been decided, thus the sentencing guidelines were no longer mandatory. Therefore, the Court was aware that under *Booker* "the fact that a factor is discouraged or forbidden under the guidelines does not automatically make it irrelevant when a court is weighing statutory factors apart from the guidelines." *United States v. Husein*, 478 F.3d 318, 326 (6th Cir. 2007). However, even under *Booker* discouraged factors, such as family ties and responsibilities, although not automatically irrelevant, are still not ordinarily relevant to the determination of whether a sentence should be outside the applicable guidelines range. If a court does depart under the family circumstance factor, that factor must be "present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." *Koon v. United States*, 518 U.S. 81, 96 (1996).

Although the Sixth Circuit has not articulated a set of factors to consider in determining what constitutes "exceptional" or "extraordinary" family circumstances, it has followed a less structured comparative approach by comparing the facts and holdings of other cases also involving departures for family circumstances. *Husein*, 478 F.3d at 326. In taking this approach, the Sixth Circuit relies on the commentary added to U.S.S.G. § 5H1.6, which requires the presence of the following four circumstances before a determination of extraordinariness may be made:

(i) The defendant's service of a sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support to the defendant's family.

(ii) The loss of caretaking or financial support substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant.

(iii) The loss of caretaking or financial support is one for which no effective remedial or ameliorative programs reasonably are available, making the defendant's caretaking or financial support irreplaceable to the defendant's family.

(iv) The departure effectively will address the loss of caretaking or financial support.

These four circumstances are not present in Kilgore's case. Kilgore states she "was provider for her [daughter's] support before incarceration" and she provided financial support to her mother and stepfather by supplementing their income (Court File No. p. 8). The PSR, however, reflects the Social Security Administration and the Internal Revenue Service reported Kilgore earned $9,655 in 2002 but neither agency reported income for her in 2003, the year prior to the commission of this offense on January 20, 2004. (PSR, ¶¶ 59-60).

At the time of Kilgore's sentencing, her family circumstances did not warrant a departure because Kilgore's mother was able to provide and care for Kilgore's daughter and her family's circumstances were not present to an exceptional degree. Therefore, at the time of sentencing, Kilgore's family circumstances did not warrant a departure as they were not exceptional or different from the ordinary case where the factor is present. *Koon v. United States*, 518 U.S. at 96. Additionally, it appears that Kilgore's mother is still able to provide and care for Kilgore's child. Although Kilgore's family circumstances have changed since her sentencing hearing–her step-father

11

is terminally ill and her mother has some additional health issues–she has not presented any evidence that permits the Court to modify her sentence.

Under 18 U.S.C. § 3582(c), a court may only modify a sentence upon motion of the Bureau of Prisons; "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or to reflect a post-sentence reduction in the applicable sentencing guidelines. The Bureau of Prisons has not so moved; there is no proof a reduction is proper under Rule 35 of the Federal Rules of Criminal Procedure,[3] under 28 U.S.C. § 2255,[4] or any other statute; and there has not been a post-sentence alteration of the sentencing guidelines.

In sum, Kilgore's family circumstances did not warrant a departure since her situation did not include the presence of the required circumstances under § 5H1.6(B)(i)-(iv). Therefore, counsel was not ineffective for failing to request a departure on the basis of Kilgore's family circumstances and Kilgore suffered no prejudice. Accordingly, no relief is warranted on this claim.

## V. CONCLUSION

For the reasons stated above Kilgore is not entitled to any relief under 28 U.S.C. § 2255 as her convictions and sentencing were not in violation of the Constitution or laws of the United States. Accordingly, Kilgore's motions and amended motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 will be **DENIED** (Court File No. 1 & 3-2).

---

[3] Rule 35 permits a reduction if the sentence is clear error or upon motion of the government; neither situation is present in Kilgore's case.

[4] Section 2255 permits a modification if the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or otherwise subject to collateral attack. Kilgore's sentence meets none of these criteria.

An appropriate judgment will enter.

                                          */s/ R. Allan Edgar*
                                          R. ALLAN EDGAR
                                   UNITED STATES DISTRICT JUDGE